831 F.2d 298
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie Z. WILSON, Plaintiff-Appellant,
v.
Calvin EDWARDS, Norman Laird, Larry Cox, R.L. Cunpiff, K.A.
Larue, Harry Brown, Michael Harper, T.R. Lawless,
Defendants-Appellees.
 No. 87-1633
 United States Court of Appeals, Sixth Circuit.
 October 6, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing this federal prisoner's civil rights case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 At the time he filed his complaint, Wilson was a prisoner at the federal prison in Milan, Michigan. The defendants are prison officials. Wilson's complaint alleges that the prison officials ordered him to work mowing the lawn at the prison despite his heart condition. When he became visibly ill, the prison officials took him to the prison's medical department.
 
 
 3
 Both sides filed affidavits in the district court in support of their positions. These affidavits can be used to grant summary judgment in appropriate cases, Fed. R. Civ. P. 12(b), and the file was reviewed by the district court before it entered judgment accepting a magistrate's recommendation that the complaint be dismissed.
 
 
 4
 The general rule is that a cruel and unusual punishment clause violation exists only where the acts of prison officials involve the unnecessary and wanton infliction of pain or punishment without penological justification. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The affidavits of the prison officials state that they consulted with the medical department before assigning Wilson to work mowing lawns. Wilson's own affidavit states that as soon as he became visibily ill, the prison official took him to the medical department. On these facts, Wilson has not shown the unnecessary and wanton infliction of pain that would be necessary in order to establish a cruel and unusual punishment clause violation. The judgment of the district court will therefore be affirmed.
 
 
 5
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.